UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO OTINIANO, CDCR #G-24190,<br><br>                    Plaintiff,<br><br>vs.<br><br>JEFFERY MACOMBER, ET AL.,<br><br>                    Defendants. | Case No.: 3:25-cv-1020-RSH-LR<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.   INTRODUCTION

Plaintiff Alberto Otiniano ("Plaintiff" or "Otiniano), a state inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. In his Complaint, Otiniano alleges he is in custody pursuant to an "invalid sentence." ECF No. 1 at 3. As discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice.

## II.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Otiniano has provided a copy of his prison certificate and trust account statement. *See* ECF No. 2. During the six months prior to filing suit, Martinez had an average monthly balance of $104.61 and average monthly deposits of $45.00; and at the time he filed suit he had an available account balance of $105.56. *Id*. at 6–7. Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial filing fee of $20.92 pursuant to 28 U.S.C. § 1915(b)(1).  This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for

---

[1]   Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

2

1  the reason that the prisoner has no assets and no means by which to pay the initial partial
2  filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-
3  valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . .
4  due to the lack of funds available to him when payment is ordered"). The CDCR must
5  thereafter collect the full balance of the $350 total fee owed in this case and forward
6  payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

#### B. Plaintiff's Allegations

Otiniano states that in July of 2008, he was convicted in Orange County Superior

Court and was sentenced to state prison and "restitution, non-punitive fines and fees" were assessed. ECF No. 1 at 3. He alleges a subsequent change in California law "invalidated" some of the fines and fees originally assessed as part of his sentence. *Id.* Otiniano states his sentence is now "unlawful." *Id.*

### C.   Discussion

In his only claim, Otiniano states he is in "unlawful custody under [an] invalid sentence" and he seeks an "order remand[ing]" his case for resentencing. *Id.* at 3, 7. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id*. (citation omitted). "The [Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted).

Here, Plaintiff asks this Court to vacate his sentence. However, this relief is available, if at all,[2] only in a § 2254 action. As such, the relief he seeks is not available in this case. Therefore, the complaint is dismissed for failure to state a claim.

### D.   Leave to Amend

While the Court generally grants *pro se* litigants leave to amend, the Court declines

---

[2]   The Ninth Circuit has held that federal courts lack habeas jurisdiction over challenges to restitution orders. *Bailey v. Hill*, 599 F.3d 976, 984 (9th Cir. 2010) ("Because courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order, the district court lacked jurisdiction over Bailey's habeas petition.")

to do so here because amendment would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

## IV. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $20.92 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) without prejudice, but without leave to amend.

5. **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2025

Hon. Robert S. Huie
United States District Judge